Tucker, P.
I am clearly of opinion, that the bill in this case set forth facts that gave jurisdiction to the court of chancery. Without entering upon any other part of the case, than that which respects the withholding of the agreements by Goode, I will observe, that the agreements in Goode’s possession, were so intimately connected with the covenants in Sturtevant s possession, that it is difficult to imagine how the latter could have declared in covenant without them. Admitting that this difficulty could have been avoided by alleging that Goode withheld the agreements, and had put a stop to the work before it was finished; yet new difficulties must have arisen on the trial. The refusal of Goode to permit Sturtevant to proceed, would have absolved him from the necessity of averring performance, and gave him a right of action against Goode upon the covenants; yet the quantum of damages would depend, in a good measure, upon the terms of the agreements; for though Goode did arrest the progress of the work, it might not follow, as of course, that Sturtevant was to recover the whole contract price. Part of that price being in consideration of the materials he was to furnish, if he was stopped in the work, and did not furnish them, part of the price should of course be abated. Again, as to the extra work, it was essential that the agreements should be exhibited to enable the plaintiff to prepare his case, by distinguishing the contract work from the extra work. Was it reasonable to expect, in such a transaction as this, that he could do this upon the spur of the occasion, in a trial at law, when the defendant should, after the jury were sworn, produce the agreements? Was it reasonable to expect him to go to trial with such a hazard? He did commence an action at law. His counsel felt the necessity, no doubt, of his having these papers; and, in consequence, he sent a note to Goode, requesting copies of the agreements. They were refused: Goode kept them in his possession, and would not even let *87 him have copies. What right had he to withhold copies of agreements signed by both, and which on principle belonged to both. What wonder, then, that Sturtevant found himself compelled to dismiss his suit? Would he have done so, if it had not been manifest to his counsel, that he could not get along witli the case without the agreements? Goode had no right to judge for him, whether the suit could have been maintained without them. He cannot be received to say here, through his counsel, “I avow that I withheld these papers, which you thought necessary for the prosecution of your demand; you might have gone on to try your cause without them.” If Goode preferred a jury trial, he should have frankly afforded copies of the papers, which his adversary thought essential for the prosecution of his suit. As he did not, he cannot complain, that he has been brought info a court of equity, since he compelled Sturtevant to come here. Nor can he, under such circumstances, object to the jurisdiction. He cannot be permitted to drive his adversary from the court of law, by withholding papers, and then to drive him from the court of chancery, because he did not hazard a trial at law without them. I am, therefore, clearly of opinion to sustain the jurisdiction. This is not the case of Smith v. Marks; it is a case sui generis. I have rarely known one in which the objection to the jurisdiction of equity was made with less propriety by a defendant.
The other judges concurred. Decree reversed, and cause remanded to the court of chancery.