# Wytheville.

## MERCHANT. & MINERS TRANSPORTATION CO. v. MASURY.

### June 13, 1907.

1. DEMURRER TO EVIDENCE—*Demurrer Overruled—Verdict Set Aside—New Trial.*—When a demurrer to evidence is overruled, but the conditional verdict of the jury is set aside for lack of evidence to support it, the trial court should, upon request of the demurrant, permit him to withdraw his demurrer to the evidence, and direct a new trial of the whole case, and not simply award an inquiry of the damages sustained.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Hughes & Little,* for the plaintiff in error.

*A. Johnston Ackiss,* for the defendant in error.

KEITH, P., delivered the opinion of the Court.

Masury, the defendant in error, brought a suit in the Court of Law and Chancery of the city of Norfolk against the Merchants & Miners Transportation Company, to recover damages for injury to goods shipped from Boston, Mass., to the city of Norfolk.

The defendant pleaded not guilty, and after the evidence was put before the jury upon this issue the defendant demurred and the jury assessed the plaintiff's damages at $714.50, subject to the decision of the court. Thereupon the defendant moved the court to set aside the verdict and grant it a new trial, upon the grounds that the verdict is contrary to the law and the evidence, that the damages are excessive, and that there is no evidence of the proper measure of damages upon which to base a verdict. The court set aside the verdict, but refused to grant a new trial. It awarded, however, a writ of inquiry to assess the damages, and entered a judgment that plaintiff should recover of the defendant "what damages he ought to recover, and that the amount of such damages should be assessed by a jury." The defendant then, by its attorneys, after the refusal of the court to grant it a new trial, and before the jury were sworn to try the writ of inquiry, moved the court to allow it to withdraw its demurrer to the evidence, and asked that a new trial should be granted it on the facts, both as to its liability and as to damages; but the court overruled the motion of the defendant and refused to allow it to withdraw its demurrer to the evidence. And thereupon the jury empaneled to assess the damages found a verdict in favor of the plaintiff for $404.10, upon which judgment was entered, and to that judgment a writ of error was awarded by this court.

A similar question was recently before this court, in *N. & W. Ry. Co.* v. *Wilkinson,* 106 Va. 775, 56 S. E. 908, but in that case a bill of exception was taken by the defendant in error to the ruling of the court setting aside the first verdict as being unsupported by the evidence, and this court, holding that there was error in setting aside the verdict, and that the evidence was sufficient to support it, entered judgment upon that verdict in behalf of defendant in error; and it was thereby rendered unnecessary to dispose of the question here presented.

The position of plaintiff in error here is that, in order to maintain a judgment against it, it was necessary to show that

it had been negligent as a common carrier with respect to the goods committed to its care, that the defendant in error had suffered damage by reason of that negligence, and the amount of damage thus sustained; that in the case before us these questions were so intimately blended that when the testimony closed, being of opinion that the evidence was insufficient to authorize a jury to find a verdict assessing damages against it, it had interposed a demurrer to the evidence; that the jury had found a verdict against it upon insufficient testimony, as it claimed, and that claim the trial court sustained, and the verdict assessing the damages was set aside.

Under such circumstances we are of opinion that after the verdict was set aside defendant should have been permitted to withdraw its demurrer to the evidence, and that a new trial should have been awarded, both as to the fact of liability and as to damages. The insufficiency of the evidence to establish the damages awarded by the jury in their first verdict was the inducement to plaintiff in error to interpose a demurrer to the evidence, and if the defendant in error (plaintiff in the court below) was permitted to introduce further evidence, tending to make out one of the necessary elements in his case, it seems to us it would have been nothing but equal justice to have permitted the same privilege to the plaintiff in error, who was the defendant in the court below.

We have been referred to no authority by counsel, nor have we been able to find any, either in any text-writer or in the adjudicated cases, directly bearing upon the subject.

The reference to 4 Min Inst. (3rd ed.), 922, (where it is said that according to our practice, "the jury is not discharged, as in England; but they generally find a verdict subject to the demurrer to evidence. If the jury assess damages for the plaintiff, thus hypothetically, and upon considering the demurrer, the court is of opinion that the plaintiff has cause of action, but that the damages are excessive, the verdict may be set aside, and a writ of inquiry awarded,") does not reach the

essential merit of this case, which is that the deficiency of the proof upon the measure of damages, alleged by the plaintiff in error and concurred in by the court, was the controlling influence which induced the plaintiff in error to demur to the evidence; and that opportunity ought to have been afforded to it, as well as the defendant in error, to amend its case by the introduction of further evidence, if it could do so, or if the case against it was changed by additional evidence, giving it the choice of trusting its case to the jury rather than to resort under changed conditions to the demurrer to the evidence.

For these reasons we are of opinion that the judgment should be reversed, and a new trial awarded.

*Reversed.*