# Wytheville

W. T. Crosswhite, Adm'r v. Shelby Operating Corp.

June 22, 1944.

Record No. 2791.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Spratley, JJ.

The opinion states the case.

*George M. Warren* and *Floyd H. Roberts,* for the plaintiff in error.

*Jones & Woodward,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

In the early morning of June 24, 1943, Mrs. Fitzgerald with her two small daughters, one of them Sheridan Fitzgerald, about three years old, and another younger, came to Bristol to the Hotel General Shelby. They registered there as guests and were assigned to a room on the fourth floor of that hotel. They went to the room assigned. The mother left Sheridan playing in the bedroom and went into an adjoining bathroom to wet a cloth for use about the toilet of the smaller child. When she came back she saw Sheridan standing on the window sill with her back to a wire screen. Seeing the danger in which this child stood, she rushed to her rescue, but before she could reach her, the child leaned against

this wire screen, which gave way; she fell through the window and was killed.

The child's administrator sought to recover damages from the Shelby Operating Corporation.

In a motion for judgment, the plaintiff charged the defendant, who was the innkeeper in charge of this hotel, with negligence and said that it failed in its duty to exercise due care in that the window screen was not properly fastened and anchored. To this motion a demurrer was interposed, denying negligence. That demurrer was sustained. The motion was amended, and this was added:

"The undersigned alleges and charges that the death of said child was caused and brought about by the negligence and carelessness of defendant in failing to provide and furnish a reasonable safe room and place for said child, in that it did not securely and properly fasten, anchor and maintain the screen in question, so as to make said room reasonably safe for said child, which carelessness and negligence was the direct and proximate cause of the death."

A demurrer was again interposed and was again sustained.

Code, section 6118 (unless otherwise stated, Code references refer to Michie's Code, 1942), declares that "nor shall a demurrer be sustained to a declaration alleging negligence of defendant because the particulars of the negligence are not stated, but such particulars may be demanded by the defendant under section six thousand and ninety-one." *Kaylor* v. *Quality Bread, etc., Co.*, 155 Va. 156, 154 S. E. 572.

No bill of particulars was asked for. Code, section 6091.
Should the facts relied upon to establish negligence be set out in the motion or declaration and are on their face insufficient, then a demurrer may be interposed.

Not many cases deal directly with the matter here before us, although we have been referred to many which do so by remote analogy.

The rule which applies to landlords does not always apply to innkeepers. An innkeeper is in direct and continued control of his guest rooms, while a lessee may be expected to do many things for his own protection. Note Ann. Cas.

1912A, p. 1211; *Morris* v. *Zimmerman,* 138 App. Div. 114; 122 N. Y. S. 900; *Smith* v. *Wolsiefer,* 119 Va. 247, 89 S. E. 115. See also extended note in 29 A. L. R. 77, *et seq.,* citing many cases. The Code itself, section 1602, tells us what is required of innkeepers:

"Duties of inn-keepers; limitation of liability.—It shall be the duty of keepers of hotels, inns and ordinaries to exercise due care and diligence in providing honest servants and employees, and to take every reasonable precaution to protect the person and property of their guests and boarders."

As supplementing this statute, we have time and again said that extraordinary care may be required in the protection of infants too young to take care of themselves. *Lynchburg Cotton Mills* v. *Stanley,* 102 Va. 590, 46 S. E. 908; *Virginia-Carolina R. Co.* v. *Clawson,* 111 Va. 313, 68 S. E. 1003.

In *Crockett* v. *Troyk* (Tex. Civ. App.), 78 S. W. (2d) 1012, it was said:

"An innkeeper is not an insurer of his guest's personal safety, but his liability does extend to injuries received by the guest from being placed in an unsafe room, because such a matter is peculiarly within the knowledge, control, and power of the innkeeper."

The facts in *Baker* v. *Dallas Hotel Co.,* 73 F. (2d) 825, are quite like those in our case. Mr. and Mrs. Baker, with a child two years and five months old, were guests in a hotel and were assigned to a room. At about nine in the morning, Mrs. Baker had just bathed this child and left him playing with blocks on the floor in the center of the room while she went into the adjoining bathroom. In the bedroom was a window with its sash raised, covered by a wire screen which had not been examined. When Mrs. Baker came back from the bathroom she saw this child sitting in the window with his head against the screen. Before she could reach him he pressed his head against it, which opened outward; he fell through the window and was killed. The court said:

■ " * * * When a child of tender years is accepted as a guest, the inexperience and the natural tendencies of such a child become a part of the situation and must be considered by the innkeeper. We do not mean that the innkeeper becomes the nurse of the child, or assumes its control when accompanied by its parents, but only that he is bound to consider whether his premises, though safe enough for an adult, present any reasonably avoidable dangers to the child guest. * * * "

And again:

" * * * The innkeeper and the parents perhaps ought equally to have anticipated the danger of a child trying to get into the window, but the duty of inspecting the screen is not the same. The responsibility for the premises is primarily on the innkeeper, and the guest may generally assume that they are safe."

Answering the contention that screens were meant to keep insects out and not children in, it is said:

"But yet if the screen to all appearances, and as screens are usually found, would serve to protect the child, the false appearance of an insecurely fastened screen might easily mislead the parent or even inspire confidence in a child to lean against it."

The court's conclusion was this:

"But on the issues of negligence in the innkeeper touching the condition of the screen, and in the parents touching their conduct, we are of opinion that jury questions exist."

In *Hotel Dempsey Co.* v. *Teel*, 128 F. (2d) 673, a window shade fell upon a guest. It was held that the question of liability was a jury question.

In *Dye-Washburn Hotel Co.* v. *Aldridge*, 207 Ala. 471, 93 So. 512, it appears that a guest who had been assigned to his room opened his suitcase; a number of roaches ran out. One went upon a window screen; he struck at it with a towel, knocked the screen out, which fell upon a skylight below, broke it and injured the plaintiff. The court said if the accident was due to the blow of the towel on the screen, there was no negligence on the part of the inn-

keeper; but if it was due to the fact that the screen was insecurely fastened, the innkeeper was liable, and that this was a jury question. A verdict for the plaintiff was sustained. *Murray* v. *Frick*, 277 Pa. 190, 121 A. 47, 29 A. L. R. 74.

In *Patrick* v. *Springs*, 154 N. C. 270, 70 S. E. 395, Ann. Cas. 1912A, 1209, the court said that while an innkeeper is not an insurer of the safety of his guests, his liability when negligence is charged is usually a jury question.

The duty of an innkeeper to keep his premises reasonably safe applies to "defective or insecurely or unsafely fastened window screens." 32 C. J. pp. 562-3.

The defendant relies upon *Schlemmer* v. *Stokes*, 47 Cal. App. (2d) 164, 117 P. (2d) 396. The facts are quite like those in *Baker* v. *Dallas Hotel Co.*, *supra*, and like the case in judgment. There a three-year old child leaned against the screen, which gave way; he fell and was killed. The mother testified that she had hooked and unhooked this screen several times and saw nothing wrong with it. A workman said that he had replaced the hooks and fasteners on the screen and had put in new wire. The father said that where one of the hooks pulled out the wood in the window sill was rotten. This was a case of landlord and tenant, but the court did say that the same rule would apply had it been a case of innkeeper and guest.

In the instant case, we do not know the height of this window sill from the floor, but it was low enough for this three-year old child to climb upon it. The window was open; it was summertime, and this three-year old child could not have opened it. The mother saw the wire screen and had a right to assume that this screen was fastened as wire screens ordinarily are fastened. It can be argued that she would not have left her child in a room with an unscreened open window, whose sill was low enough for this three-year old child to climb upon it; and that she did leave it because she was lulled into safety by seeing what seemed to be a perfectly good screen. While screens are installed to keep bugs out, they do afford some protection to little

children; and its presence here lulled the mother into a false sense of security. It can be further argued that the innkeeper knew of its defects or should have known of it. Almost without exception these are jury questions; from which it follows that the judgment appealed from must be reversed, and that the case should be remanded for a new trial upon its merits.

*Reversed and remanded.*