## In re OCEANVIEW/VIRGINIA BEACH REAL ESTATE ASSOCIATES, a Virginia limited partnership, Debtor.

### Bankruptcy No. 90–21414–B.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

July 12, 1990.

Ann B. Brogan, McGuire, Woods, Battle & Boothe, Norfolk, Va., for debtor.

Paul K. Campsen, Kaufman & Canoles, P.C., Norfolk, Va., for Riparian.

Debera F. Conlon, Asst. U.S. Trustee, Norfolk, Va.

### OPINION AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

This matter comes before the Court on a motion to prohibit use of cash collateral, under the provisions of 11 U.S.C. § 363(e), filed by Riparian Investment Associates, a Virginia limited partnership (Riparian). The Court after hearing arguments took the matter under advisement and granted counsel leave to file briefs on the issue before the Court. Strangely, the issue is one of first impression: Whether hotel room receipts are classified as rent and, therefore, subject to the perfected lien on rent held by Riparian, or are those receipts personalty?

### STATEMENT OF FACTS

On February 7, 1983, Oceanview/Virginia Beach Real Estate Associates (debtor), a Virginia partnership, purchased the "39th Street Holiday Inn" from Riparian. Riparian took a note in the amount of $4,300,-000.00 secured by a purchase money deed of trust which was duly perfected. The debtor also assigned its rights in all leases

with all rents, income and profits due therefrom to Riparian. This assignment was also duly perfected. The debtor concedes that as a result of Riparian's recordation of the deed of trust and assignment Riparian has a perfected lien on the rents generated from commercial space at the hotel. Riparian claims the guest room receipts under the lien, but concedes that its lien is ineffective if these room receipts are personalty.

## ANALYSIS OF LAW

Under 11 U.S.C. § 363(e), Riparian may request the Court to condition or prohibit the use by the debtor of cash collateral in which Riparian has an interest. 11 U.S.C. § 363(a) defines "cash collateral" to include rents from property subject to a security interest existing before the commencement of the case. However, the Bankruptcy Code does not define what is included in rents. The Court must look to Virginia law for a determination as to whether guest room receipts are included in rents and, thus, property which is subject to Riparian's security interest.

In Virginia the Uniform Commercial Code does not apply to the "creation or transfer of an interest in or a lien on real estate, including a lease or rents thereunder." Va.Code Ann. § 8.9–104(j). Clearly then, if the room receipts are an interest in realty, they are perfected by the recordation of the deed of trust and assignment of rents. However, the Virginia Code does not specifically define hotel room receipts, nor does Virginia case law clearly settle the issue.

The Virginia Supreme Court, modifying the common-law rule that rents only issue out of lands, has held that rent does not lose its character just because personal property is embodied in the lease. *Wickham, et al. v. Richmond Standard Steel Spike & Iron Co.*, 107 Va. 41, 57 S.E. 647, 648 (1907). The Court has further held that a lease is not necessary to create a landlord-tenant relationship. A person who occupies land of another as tenant without a written lease is considered a "tenant at will." *Jones's Devisees v. Roberts*, 13 Va.

(3 Hen. & M.) 436, 442 (1809). But, is a guest in a hotel a "tenant at will?"

The Virginia Supreme Court has held that the relationship between a guest and innkeeper *may* be that of landlord and tenant. *Shorter v. Shelton*, 183 Va. 819, 822, 33 S.E.2d 643 (1945), *emphasis added.* However, rules that apply to landlords do not always apply to innkeepers because an innkeeper is "in direct and continuous control of his guest rooms, while a lessee may be expected to do many things for his own protection." *Crosswhite v. Shelby Operating Corporation*, 182 Va. 713, 715, 30 S.E.2d 673 (1944), *citing* Note 22 Ann.Cas. p. 1211. Innkeepers are required to observe a higher standard of care and, therefore, they have a different relationship to guests than do landlords to tenants. *Crosswhite, supra* 30 S.E.2d at 674. In fact, an "occupancy in a hotel, motel ... or similar lodging held out for transients, unless let continuously to one occupant for more than thirty (30) days ..." is excluded from conditions governed by the Virginia Landlord and Tenant Act. Va.Code Ann. § 55–248.5 (1985). Hotels are regulated by different statutes. Va.Code Ann. §§ 35.-1–1 through 35.1–28 (1981). An innkeeper must post rates in his establishment, not rents. Va.Code Ann. § 35.1–27 (1950). He must also charge a sales tax for the rate charged, the same as a retail sale on personalty. Va.Code Ann. § 58.1–602(14) (1950). A lessor has no such taxing requirement imposed when renting realty. Clearly then, Virginia law differentiates between landlord-tenant and innkeeper-guest relationships. This Court holds that guests occupying hotel space for less than thirty (30) days are not tenants and do not pay rent as defined by Virginia Code § 55–248.4.

Since the room receipts are not rents, what are they? No Virginia cases have clearly defined room receipts in light of the Virginia Code § 55–248.5 exclusion. The debtor argues that guest room receipts are personalty, not rents and, therefore, not part of the cash collateral in which Riparian has a perfected lien. In order for Riparian to have a perfected lien in room re-

ceipts, the debtor contends that Riparian must have perfected their lien in accordance with the Uniform Commercial Code, Va.Code § 8.9–302, which provides that a financing statement must be filed in order to perfect a security interest in personalty.

Courts in other jurisdictions have predominantly held that hotel room receipts are personalty, not rents. A bankruptcy court in Oklahoma, reasoning that payments by hotel guests resemble payments under a contract, held that room receipts were accounts receivable. The court stated that "guests in a hotel ... are mere licensees and not tenants, and ... they have only a personal contract and acquire no interest in the realty...." *In re Greater Atlantic & Pacific Investment Group*, 88 B.R. 356, 359 (Bankr.N.D.Okla.1988). This position is supported by the decision of a District Court in Missouri which ruled that the term "rents thereunder" in a perfected lease of a hotel did not include the charges made by the innkeeper for "services [which] ... include furnishing rooms ... for the use of guests." *United States v. PS Hotel Corp., et al.*, 404 F.Supp. 1188, 1192 (E.D.Mo.1975), *aff'd*, 527 F.2d 500 (8th Cir.1976). In New York a bankruptcy court held that a security interest in hotel room revenues was perfected only by filing a financing statement in accordance with Article 9 of the Uniform Commercial Code. *In re Kearney Hotel Partners*, 92 B.R. 95, 100 (Bankr.S.D.N.Y.1988). A bankruptcy court in Texas held that "rents" refer to a landlord/tenant relationship, not an innkeeper/lodger relationship which generates "accounts receivable," not "rents." *In re Waco Hotel Limited Partnership*, No. 6–86–00298, slip op. (Bankr.W.D.TX July 16, 1986). "Moreover, a tenant receives an estate in land, [w]hereas, a hotel guest has a bare right to use ... [being] a mere licensee." *In re Ashkenazy Enterprises, Inc.*, 94 B.R. 645, 647 (Bankr.C.D.Cal.1986). After a careful analysis of the above-cited cases a Colorado bankruptcy court ruled that "hotel room revenues are interests in personalty and therefore not excluded from the U.C.C. under § 9–104(j)." *In re Investment Hotel Properties, Ltd.*, 109 B.R. 990, 994 (Bankr.D.Colo.1990).

The only court which has held that room receipts are "rents" relied on a cursory analysis of "rent" as defined by Webster's Collegiate Dictionary as a "payment for the temporary use of property." *In re Buena Park Development Corp.*, CV No. 79–1394 DWW, slip op. (C.D.Cal. Sept. 17, 1979), clarified slip op. (C.D.Cal. Oct. 10, 1979). The decision has been criticized for not accounting for the difference between a guest and a tenant as concerning the temporary use of property. *In re Kearney Hotel Partners, supra* at 102. This Court is of the opinion that Virginia law clearly distinguishes between guests and tenants and, therefore, concurs in the *Kearney* opinion.

The Virginia cases which Riparian cites to support its arguments for room receipts being classified as rents are distinguishable in that each involves a "boarder" or "roomer" in a hotel where the occupancy exceeded thirty (30) days. This is not the case with regard to the room receipts which Riparian would have this Court classify as cash collateral subject to Riparian's deed of trust and assignment of rents. This Court is of the opinion that the bankruptcy cases which Riparian relies upon to support its position are also distinguishable and not conclusive as to the issue before the Court.

## CONCLUSION

At first blush one might believe that funds paid by a hotel guest would be covered by a lender's lien, but we must go beyond "what we think" and examine the law. When this is done, the answer may be surprising, but it is clear.

Therefore, the Court finds that the hotel guests' room receipts are properly classified as personalty. In order for Riparian to have a perfected security interest in the room receipts, Riparian must have properly filed a financing statement in accordance with Virginia Code § 8.9–302. This Riparian did not do! The hotel guests' room receipts are not rents and, therefore, not part of the cash collateral in which Riparian has an interest.

Therefore, the motion to prohibit use of cash collateral is DENIED.

It is so ORDERED.