**In re S.F. DRAKE HOTEL ASSOCIATES, a California Limited Partnership, dba Sir Francis Drake Hotel, Debtor.**

**S.F. DRAKE HOTEL ASSOCIATES, a California Limited Partnership, dba Sir Francis Drake Hotel, Appellant, and Cross–Appellee,**

v.

**SECURITY PACIFIC NATIONAL BANK, Appellee and Cross–Appellant.**

**No. C 91–3526 BAC.**

United States District Court, N.D. California.

May 26, 1992.

Joseph A. Eisenberg, Ron Bender, Levene & Eisenberg, P.C., Los Angeles, Cal., for S.F. Drake.

William M. Burke, William J.F. Roll, III, Jaculin Aaron, Shearman & Sterling, Los Angeles, Cal., for appellee Bank of America Nat'l Trust and Savings Assoc., successor by merger to Sec. Pacific Nat. Bank.

## ORDER

CAULFIELD, District Judge.

### BACKGROUND

Appellant San Francisco Drake Hotel Associates, a California Limited Partnership ("S.F. Drake"), is a debtor and debtor in possession in a Chapter 11 case commenced on February 25, 1991, and pending in the United States Bankruptcy Court for the Northern District of California. The principal asset of S.F. Drake and of the Chapter 11 estate is the Sir Francis Drake Hotel located in San Francisco, California (the "Hotel"). The Hotel is encumbered by a Deed of Trust and Assignment of Rents and Fixture Filing in favor of appellee and cross appellant Security Pacific National Bank ("SPNB") dated September 26, 1986. On August 1, 1991, the bankruptcy court ruled that the post-petition revenues of the Hotel are subject to the pre-petition liens of SPNB pursuant to 11 U.S.C. § 552(d) and thus constitute SPNB's cash collateral. S.F. Drake appeals the court's ruling that the Hotel's revenues are subject to SPNB's pre-petition liens. SPNB cross-appeals challenging the bankruptcy court's finding that such revenues were not absolutely assigned to the Bank. Upon consideration of the briefs of the parties, the bankruptcy court's Order is AFFIRMED.

The underlying facts of this matter are neither in dispute nor material to this appeal. Therefore, as the facts are fully set out in the opinion of the bankruptcy court[1], they need not be repeated in this opinion. During the course of the Chapter 11 case, SPNB brought a motion before the bankruptcy court seeking to prohibit or condition S.F. Drake's use of the revenues generated by the Hotel after the commencement of the Chapter 11 case. SPNB contended that the post-bankruptcy revenues generated by the Hotel are subject to the pre-bankruptcy lien of SPNB and therefore constitute "cash collateral" as that term is defined in § 363(a) of the Bankruptcy Code. Section 363(c) of the Code provides that a Chapter 11 debtor may use cash collateral only with the consent of the bankruptcy court or the entity that has a lien on the cash.

Under § 552(a) and (b) of the Bankruptcy Code, revenues generated by property after the bankruptcy filing cannot be subject to a lien created by a security agreement, deed of trust or otherwise prior to the bankruptcy filing unless those revenues are appropriately characterized as either the "proceeds, products, offspring, rents or profits" from the property. If the revenues from the Hotel are anything other that "proceeds, products, offspring, rents or profits", under the Bankruptcy Code, the revenues cannot be subject to the lien of SPNB and cannot be cash collateral subject to the limitations of Section 363(c) of the Bankruptcy Code.

## DISCUSSION

■ The issues presented in this appeal are solely questions of law and are, accordingly, subject to de novo review. *In re American Mariner*, 734 F.2d 426, 429 (9th Cir.1984). The principal issue raised in this appeal is whether post-bankruptcy hotel room revenues are subject to pre-bankruptcy security liens. As indicated above, such revenues would not be subject to pre-petition liens unless they could be characterized as "proceeds, products, offspring, rents or profits". Appellant cites to a number of authorities which have held that hotel revenues do not fall within the exceptions contained in § 552(b). (*See United States v. PS Hotel Corp.*, 404 F.Supp. 1188 (E.D.Mo.1975), *aff'd*, 527 F.2d 500 (8th Cir. 1975); *In re Ashkenazy Enterprises, Inc.*, 94 B.R. 645, 647 (Bankr.C.D.Cal.1986); *In re Kearney Hotel Partners*, 92 B.R. 95, 100 (Bankr.S.D.N.Y.1988); *In re Investment Hotel Properties, Ltd.*, 109 B.R. 990, 996 (Bankr.D.Colo.1990).)

This court recognizes that the weight of authority holds that hotel revenues do not fall within the exceptions contained in § 552(b). However, appellant cites to no Ninth Circuit Authority binding on this court which so holds. Moreover, this court is persuaded by the sound reasoning contained in the opinion of the bankruptcy court that a common sense interpretation of § 552(b) yields an answer contrary to that reached by other courts that have addressed this issue. Accordingly, this court concurs fully with the rational stated in the bankruptcy court's opinion dated August 1, 1991, 131 B.R. 156.

■ The bankruptcy court's decision was based in part on the absence of any controlling Ninth Circuit authority. Appellants point out that since this matter has been briefed and argued before the bankruptcy court, the Ninth Circuit Bankruptcy Appellate Panel has issued an opinion in *In re Northview Corp.*, 130 B.R. 543 (9th Cir. BAP 1991) which holds that hotel revenues are not "rents" subject to the exception contained in § 552(b). The *In re Northview Corp.* decision does not persuade this court to abandon the sound reasoning contained in the bankruptcy court's opinion. First, B.A.P. decisions are not binding upon this court. *Bank of Maui v. Estate Analysis, Inc.*, 904 F.2d 470, 472 (9th Cir.1990). Second, *Northview* held, without discussion, that hotel revenues are not "rents, proceeds or profits". *Id.* at 546 n. 4. In so holding, the court relied upon the some of the authorities cited above which this court

1. 131 B.R. 156 (Bankr.N.D.Cal.1991).

declines to follow. Accordingly, the opinion of the bankruptcy court is AFFIRMED.