**In re LAKEVIEW MOTOR INN, INC., Debtor.**

**Bankruptcy No. 94–10857.**

United States Bankruptcy Court, D. Rhode Island.

May 11, 1994.

Monique A. Roy, Charles S. Sokoloff Inc., Woonsocket, RI, for debtor.

Richard L. Gemma, MacAdams & Wieck Inc., Sheryl Serreze, Office of the U.S. Trustee, Providence, RI, for R.I. Hosp. Trust Nat. Bank.

*ORDER DETERMINING RECEIPTS AND RECEIVABLES TO BE PERSONALTY, AND NOT RENTS*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on April 25, 1994, on the Debtor's emergency motion for the use of cash collateral, or in the alternative, for a finding that

---

tion or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

11 U.S.C. § 362(b)(4).

the Debtor's occupancy income is not rents covered by Rhode Island Hospital Trust National Bank's ("the Bank") security interest. At issue is whether said receipts are personalty, and therefore subject to perfection as accounts receivable in accordance with the requirements of the Uniform Commercial Code, as adopted in Rhode Island, R.I.Gen. Laws § 6A–9–101, *et seq.*

At the conclusion of the oral arguments we ruled, following what appears to be the majority view, that hotel and motel receipts are more closely akin to accounts receivable, than to rents or profits, and therefore are classified as personalty subject to perfection by the filing of a financing statement pursuant to Rhode Island's Uniform Commercial Code, R.I.Gen.Laws § 6A–9–101, *et seq. See Casco Northern Bank v. The Green Corp. (In re The Green Corp.)*, 154 B.R. 819 (Bankr. D.Me.1993); *Investment Hotel Props., Ltd. v. New West Federal Savings and Loan Assoc. (In re Investment Hotel Props., Ltd.)*, 109 B.R. 990 (Bankr.D.Colo.1990); *In re Oceanview/Virginia Beach Real Estate Assocs.*, 116 B.R. 57 (Bankr.E.D.Va.1990); 48 Bus.Law. 633, Donahue and Edwards, *Treatment of Assignments of Rents in Bankruptcy: Emerging Issues relating to Perfection, Cash Collateral, and Plan Confirmation*, (Feb. 1993). In so ruling, we specifically reject the holding and rationale of *In re S.F. Drake Hotel Assocs.*, 131 B.R. 156 (Bankr.N.D.Cal. 1991), *aff'd*, 147 B.R. 538 (N.D.Cal.1992), relied upon by the Bank.

Also at the hearing, however, another issue arose concerning the actual use being made of the subject property, in this case. Accordingly, the matter is continued to May 11, 1994, at 9:30 a.m., for an evidentiary hearing as to the specific use and manner in which the subject property is occupied and paid for, together with the Bank's already scheduled Motion for Relief from Stay. The Court will also determine, prior to the commencement of the hearing, whether it will conduct a view of the subject property.

Enter Judgment consistent with this opinion.