# KARL GUPTON

v.

# DONALD T. QUICKE, ETC., ET AL.

Record No. 930642

April 15, 1994

Present: All the Justices

*William R. Keown (Traylor & Morris,* on brief), for appellant.
*W. Joseph Owen (Cowan & Owen,* on brief), for appellees.

JUSTICE COMPTON delivered the opinion of the Court.

█ In Virginia, we adhere to the rule that the owner or occupier of land ordinarily is under no duty to protect an invitee from a third person's criminal act committed while the invitee is upon the premises. *Wright* v. *Webb,* 234 Va. 527, 530, 362 S.E.2d 919, 920 (1987); *Klingbeil Management Group Co.* v. *Vito,* 233 Va. 445, 447, 357 S.E.2d 200, 201 (1987); *Gulf Reston, Inc.* v. *Rogers,* 215 Va. 155, 157, 207 S.E.2d 841, 844 (1974).

█ In *Wright,* we fashioned a narrow exception to the general rule. There, in a case where an invitee was assaulted in a dinner theatre parking lot at night, we held that an owner or occupier of premises, "whose method of business does not attract or provide a climate for assaultive crimes, does not have a duty to take measures to protect an invitee against criminal assault unless he knows that criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an imminent probability of harm to an invitee." 234 Va. at 533, 362 S.E.2d at 922.

The sole issue in this appeal is whether the trial court erred by ruling that the allegations of plaintiff's motion for judgment fail to state a cause of action under the foregoing exception.

Appellant Karl Gupton filed this action against appellees Donald T. Quicke and Kimberly E. Quicke, individually and trading as The Coppermine Cafe, seeking compensatory and punitive damages as the result of personal injuries the plaintiff allegedly sustained when assaulted by one David Lively in November 1990 in the cafe in Petersburg. We awarded the plaintiff this appeal from a February 1993 order dismissing the action after the trial court sustained defendants' demurrer.

We shall examine the allegations of the motion for judgment according to the settled principle that a demurrer admits the truth of all material facts properly pleaded. The plaintiff alleges that the defendants owned and operated The Coppermine Cafe, a "restaurant/tavern," and that plaintiff was a business invitee there on the day in question for the purpose of purchasing food and drink.

While on the cafe premises, according to the allegations, "plaintiff was confronted" by Lively, "and an argument ensued" between the

two "with open, verbal threats being made by Lively against the plaintiff's person." The plaintiff further alleges that the "argument and threats . . . were made known to Coppermine employees" who escorted Lively outside the premises, "where again threats were made by Lively against the plaintiff's person in the presence of Coppermine employees."

"While outside the premises," the allegations continue, "Lively made it known to Coppermine employees that he (Lively) intended to assault plaintiff and again repeated this threat in the presence of Coppermine employees." The plaintiff further alleges: "Despite Lively's threats Coppermine employees allowed Lively to reenter the Coppermine premises where the plaintiff remained, a fact known to Coppermine's employees." Concluding, plaintiff alleges that, upon reentry into the cafe, Lively "violently" attacked the plaintiff without warning or provocation, causing the plaintiff to sustain personal injuries and other damages.

On appeal, the plaintiff argues that the trial court erred in sustaining the demurrer because the allegations of the motion for judgment sufficiently state a claim under the *Wright* exception. We agree.

The facts set forth in the motion for judgment present a situation where Lively threatened the plaintiff during an argument inside the cafe. Upon learning of the argument and threats, defendants' employees escorted Lively outside the cafe where he again threatened the plaintiff in the presence of the employees. While still outside the cafe, Lively indicated to the employees that he intended to assault the plaintiff. Armed with this knowledge and aware the plaintiff was inside, the employees permitted Lively to reenter the cafe. Upon reentry, Lively attacked the plaintiff.

According to the limited exception to the general rule, and based upon the plaintiff's allegations, the defendants had a duty to exercise reasonable care to control Lively's conduct to prevent him from causing physical harm to the plaintiff. This duty arose by reason of the defendants' knowledge that an assault, which indicated an "imminent probability of harm" to the plaintiff, was "about to occur" in the cafe. *Wright,* 234 Va. at 533, 362 S.E.2d at 922.

Consequently, the order dismissing the action will be reversed and the case will be remanded to the trial court for further proceedings.

*Reversed and remanded.*