## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Mary Wanda Downs

v.

Harpers Square et al.

June 17, 1996

Case No. CL 96-370

By Judge Robert B. Cromwell, Jr.

Defendants' Demurrer is before this Court. Defendants contend the plaintiff has failed to plead facts, which, if proven, state a claim against the defendants and that no legal liability may be imposed on the defendants as a matter of law. Upon careful consideration of the pleadings before the Court and the relevant case law, the Court finds the defendants owed a duty to protect the plaintiff from the threat of bodily harm as a matter of law.

It is well founded in Virginia that a landlord generally has no duty to protect a tenant from criminal acts by a third person. *See, e.g., Gulf Reston, Inc. v. Rogers*, 215 Va. 155, 157 (1975); *Klingbeil Management Group Co. v. Vito*, 233 Va. 445 (1987). Virginia has recognized, however, that the existence of a "special relationship" may give rise to a duty to protect. *Gulf Reston*, 215 Va. at 158. *See also*, Restatement of Torts (Second) § 315. Defendants herein contend that no special relationship existed between the defendants and the plaintiff, a conclusion the Court cannot reach. Although the landlord-tenant relationship is not among the examples of special relationships provided by the Restatement (Second), the relationships enumerated by the Restatement are not exclusive. The absence of the landlord-tenant relationship therein may not be said to preclude the imposition of a duty to protect.

The degree to which a business invitor must anticipate the probability of assault was addressed by the Court in *Gulf Reston, Inc. v. Rogers, supra.* The likelihood of injury, the magnitude of the burden of guarding against

the criminal act, and the consequences of placing that burden on the defendant are to be considered in determining whether a duty to protect exists. *See, Gulf Reston*, 215 Va. at 159, citing *Trice v. Chicago Housing Authority*, 302 N.E.2d 207, 209 (1973). The defendant cites the foregoing language from *Gulf Reston, Inc. v. Rogers* and its progeny in an attempt to persude this Court that all criminal assaults are difficult to anticipate and that the most effective means of determent would be cost prohibitive. With this, however, the Court cannot agree based on the factual situation before it. The assault on the plaintiff came from a known individual and not from an unknown third party. Plaintiff told the defendants that two specific children were threatening to hurt her. Following the confrontation with one of the children which took place in front of the defendants, the defendants should have been aware that the plaintiff was in danger and would likely be injured. The threatened criminal act could easily have been guarded against by someone accompanying the plaintiff to her home or by summoning help, acts which could hardly be considered a heavy burden on the defendants. Case law cited by defendants pertains to random criminal acts by unknown individuals. Providing protection against random criminal acts would place an often unreasonable burden on a landlord, and, as the Court opined in *Gulf Reston, Inc.* and *Klingbeil*, no duty to protect would exist. The burden of providing protection in this situation where the act was specific, however, would have been slight. The threatened criminal act was made by known individuals, was reasonably imminent, and could easily have been deterred. Based on the foregoing analysis, the defendants owed the plaintiff a duty to protect her from the threat of bodily harm.

Furthermore, in *Wright v. Webb*, 234 Va. 527, 533 (1987), the Court defined an exception to its holding that a business invitor has no duty to take measures to protect a business invitee against criminal assaults. A business invitor has a duty to protect when he "knows that criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an imminent probability of harm to an invitee." *Id.* at 533. This narrowly defined exception was followed in *Gupton v. Quick*, 247 Va. 362 (1994), where the Court found the duty to protect arose by reason of knowledge that the harmful assault was about to occur. Similarly, a duty to protect a tenant should be imposed on a landlord where the landlord knows that a criminal assault is about to occur on the premises and there is an imminent probability of harm to the tenant.

This Court finds that the defendants owed a duty to summon help and to protect the plaintiff from the threat of bodily harm, as a matter of law, and therefore, legal liability may be imposed on the defendants. Defendants' Demurrer should therefore be denied.