# CIRCUIT COURT OF WISE COUNTY

Linda Sabo

v.

Robert Smith
and Wal-Mart Stores, Inc.

February 23, 2001

Case No. L00-68

BY JUDGE J. ROBERT STUMP

The court has carefully considered the motion for judgment, demurrer, counsel's oral and written arguments with cited cases, and makes the following findings of fact and conclusions of law at this stage of the proceedings.

On February 22, 1998, Sabo, a customer (business invitee) at Wal-Mart, was injured while standing at a customer service desk, when Smith, who was driving a motorized wheelchair cart provided by Wal-Mart, ran into her.

Plaintiff specifically alleges in her motion for judgment:

the motorized wheelchair being operated by defendant Smith was provided to Smith by Wal-Mart, as it provides wheelchairs to its handicapped customers for their use. Plaintiff is unaware of any training Wal-Mart requires before a person is permitted to use the wheelchair. And Wal-Mart does not have any area set apart in the store to which the motorized wheelchairs are restricted. The wheelchair riders use the same aisles and travel ways in the store as the other customers in the store. There are no traffic signals, restrictions on speed, or horns. Walking customers are at the mercy of the abilities and whims of those using the wheelchairs.

Wal-Mart has caused this dangerous situation to exist, has failed to provide proper regulation of the motorized wheelchair traffic, and has failed to take steps to protect its walking customers. Wal-Mart is grossly negligent in permitting this situation to exist and the accident and injury to plaintiff was entirely foreseeable and preventable.

At all times it was the duty of defendant, Wal-Mart Stores, Inc., its agents, servants, or employees to maintain and to provide safe premises. As a result of the breach of duty owed to plaintiff, plaintiff was injured.

Wal-Mart demurs, claiming it has no duty to protect Sabo and control the conduct of a third party, Smith, unless there was a special relationship, which it denies, between the actor, Wal-Mart, and the third person, Smith. *Wright v. Webb*, 234 Va. 527, 362 S.E.2d 919 (1987).

The well-settled rule in Virginia when considering a demurrer is that it "admits the truth of all well-pleaded material facts and all reasonable factual inferences fairly and justly drawn from the facts alleged," but a "demurrer does not admit the correctness of the pleader's conclusions of law."

Sabo contends Wal-Mart owed a duty to her of ordinary care to maintain its premises in a reasonably safe condition when a third party injures her.

Wal-Mart claims and relies primarily on the legal principle that a business invitor does not owe a duty to protect its business invitees from a criminal act by a third party. *Fox v. Custis*, 236 Va. 69, 372 S.E.2d 373 (1988); *Gulf Reston, Inc. v. Rogers*, 215 Va. 155, 207 S.E.2d 841 (1974); *Wright v. Webb, supra*; *Burns v. Johnson*, 250 Va. 41, 458 S.E.2d 448 (1995); *Marshall v. Winston*, 239 Va. 315, 389 S.E.2d 902 (1990); and three Virginia Supreme Court cases decided on January 12, 2001: *Thompson v. Skate America, Inc.*, 261 Va. 121, 540 S.E.2d 123; *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97, 540 S.E.2d 134, and *Dudas v. Glenwood Golf Club, Inc.*, 261 Va. 133, 540 S.E.2d 129.

Wal-Mart's cases are not exactly on point with the alleged facts in the present case. Here there is an allegation of a negligent act, not an intentional criminal act, committed by the third party. Also Wal-Mart provided the motorized wheelchair cart to the third party, Smith, for his use in the store.

There are no Virginia Supreme Court cases square with the facts alleged here. However, this court draws legal precedent from a somewhat similar case, which has not been overruled. See *Vought v. Jones*, 205 Va. 719, 139 S.E.2d 810 (1965), wherein the plaintiff, a six year old child, crossed a street to buy an ice cream cone from defendant Jones's truck, a business invitor, which was parked in the road. The plaintiff, Vought, purchased his ice cream cone,

returned across the street, and was struck by co-defendant's (a third party), Duncan's, automobile. The Virginia Supreme Court found "it was the duty of the defendant operator of the truck to exercise ordinary care to provide a reasonably safe place for this child who was his business invitee." *Vought*, 205 Va. at p. 724. The court further said, "the evidence presented a jury question as to whether the operator of the truck violated the duties and obligations which he owed the infant plaintiff under common-law principles, and if so, whether such proximately caused the accident. . . . In this situation it was for the jury to say whether, in the exercise of ordinary care, the operator of the truck should have turned his vehicle around and parked on the eastern side of the road in order to serve the plaintiff and other intended customers there." *Vought*, at 724-25.

The *Vought* case was apparently decided before Virginia's adoption of the "special relationship" rule, but it establishes a duty on a business invitor to exercise ordinary care to provide a reasonably safe place for a business invitee, and more especially when a third person might also be guilty of negligence under the circumstances.

Sabo files with her supplemental brief a copy of *Smith v. The Stop & Shop Supermarket Co.*, 1995 Conn. Super. LEXIS 2649, an unreported 1995 Superior Court of Connecticut case, which is factually similar to the present case. Smith cites as precedent the case of *Samuelson v. J. C. Penney Co.*, 1994 Conn. Super. LEXIS 372, 9 CSCR 257 (February 17, 1994). The Connecticut cases of *Smith* and *Samuelson* held that a business invitor owes a duty to their business invitees to keep their premises in a reasonably safe condition, "moreover, even where the alleged danger results from the act of a third person." These Connecticut cases involved an invitee's injuries sustained as a result of a third person's operating a shopping cart in a dangerous manner. The *Smith* court said, "the plaintiff has expressly pleaded that 'Stop & Shop knew, or with reasonable inspection should have known of the dangerous and hazardous condition a motorized cart posed to the plaintiff and/or other invitees who were pedestrians in said supermarket'."

The Virginia Supreme Court cases recognize "special relationships" that arise as a matter of law between a business owner and its invitees, but the dispositive question here is whether that special relationship also gives rise to a duty of care on the part of the business invitor to protect the invitee from the danger of harm from the negligent act of a third party.

In *Thompson v. Skate America, Inc.*, 261 Va. 121, 540 S.E.2d 123 (2001), the Virginia Supreme Court said, "We have recognized that when a business invitor has knowledge that a particular individual has a history of violent, criminal behavior while on its premises, and thereby poses an imminent

probability of harm to an invitee, the business invitor has a duty of care to protect its other invitee from assault by that person." Therefore, under the appropriate facts, the Supreme Court has found a duty of care by the business to its invitee in a criminal assault by a third party. If the Virginia Supreme Court recognizes this duty in independent intentional criminal assaults, then it is an effortless transition to cross over the legal bridge to negligent acts by third parties, when more especially the business is in command and control of the foreseeable harm, i.e., motorized wheelchair carts.

Interwoven throughout the Virginia Supreme Court cases on this issue are the legal reasons and principles of "notice," "knowledge," "imminent probability of harm," "foreseeability," and a desire not to "unfairly burden the business owner." It is common sense that a business should not owe a duty to protect its invitees when a third person, without prior knowledge to the business, criminally assaults another one of its invitees. It would be unfair to require a business to economically provide safe premises and protect its invitees from this unknown, independent, unforeseeable intentional criminal harm.

Here Sabo alleges that Wal-Mart provides to its handicapped customers motorized chair carts to do their shopping in the store. There are no rules nor restrictions. The aisles of the store are narrow and congested with a large number of pedestrian customers. Is it foreseeable that injuries might occur between motorized and pedestrian customers? Yes, it is an accident waiting to happen. Is it foreseeable and dangerous? Yes. Is there imminent probability of harm? Yes. Is Wal-Mart on notice and does it have knowledge of foreseeable, dangerous harm? Yes. Would it unfairly and/or economically burden Wal-Mart to provide training, rules, regulations, horns, traffic signals, restricted speed limits, and separate driving lanes for motorized versus pedestrian customers? No.

Based on the above, this court finds from the properly pleaded motion for judgment that Sabo was a business invitee; that there was a special relationship between Wal-Mart, the business invitor-actor, and the third person-invitee, Smith; and that Wal-Mart owes a duty of care to provide safe premises and protect Sabo from negligent acts committed by Smith when he operates a motorized cart under its control. The demurrer is overruled.