# CIRCUIT COURT OF HENRICO COUNTY

Mark Hunter Ford

v.

United Restaurant Group, L.P.,
t/a T.G.I. Friday's

December 12, 2005

Case No. CL04-1259

BY JUDGE CATHERINE C. HAMMOND

This matter is before the Court on the demurrer filed by defendant United Restaurant Group, L.P. ("URG"). According to the Motion for Judgment, URG owns a T.G.I. Friday's ("Friday's") restaurant in Henrico County. On October 27, 2002, plaintiff Mark Ford went to Friday's with his friend, David Coolie, to watch a football game between the Washington Redskins and Indianapolis Colts. When the Colts scored, Ford cheered. Mot. for J., ¶ 8. Raymond Pettway, another football fan at the restaurant, heard Ford's support for the Colts. He responded by making violent threats against Ford's person. *Id.* at ¶ 9. Ford alleges that Friday's employees overheard these threats and that Ford complained about Pettway's behavior to a waitress. *Id.* at ¶¶ 10-11. Ford was told that a manager would come to the table to speak with Ford about the situation. A few minutes later, another Friday's employee told Ford that the manager wanted to speak with him at the front of the restaurant near the hostess station. *Id.* at ¶ 13. To get to the front, however, Ford "had to walk by Pettway since Pettway was seated at or in the vicinity" of the location where the manager asked Ford to come. *Id.* at ¶ 15. When Ford passed Pettway, words were exchanged. Ford attempted to walk away, but Pettway pushed Ford from behind. They stumbled through the front doors and into the parking lot. Coolie ran to help Ford, but Pettway "pushed Coolie out of the

way, grabbed Ford by the shoulders, and bit him on the nose." Ford suffered severe lacerations as a result of the fight. Pettway was arrested, and later pled guilty to a criminal charge of assault and battery in Henrico General District Court.

A demurrer tests the legal sufficiency of facts alleged in the pleadings, not the strength of the proof. *Sanchez v. Medicorp Health Sys.*, 270 Va. 299, 303 (2005). This Court must accept as true all facts properly pleaded in the motion for judgment and all reasonable and fair inferences that may be drawn from those facts. *Cabaniss v. Cabaniss*, 620 S.E.2d 559, 561 (2005) (citation omitted). Therefore, URG's demurrer can be sustained only if the allegations, considered in the light most favorable to Ford, fail to state a cause of action for negligence. See *W. S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377, 384 (1996).

The general rule is that "[t]he owner or occupier of land ordinarily is under no duty to protect an invitee from a third person's criminal act committed while the invitee is upon the premises." *Burns v. Johnson*, 250 Va. 41, 44 (1995). However, the Supreme Court has carved out a narrow exception to this general rule. A business can have a limited duty to protect the invitee in those situations where the business "knows that criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an *imminent probability of harm* to [its] invitee." *Dudas v. Glenwood Golf Club, Inc.*, 261 Va. 133, 138 (2001) (quoting *Wright v. Webb*, 234 Va. 527, 533 (1987)) (emphasis in *Dudas*). This limited exception requires "notice of a specific danger just prior to the assault." *Wright*, 234 Va. at 533. The question is fact specific.

At first reading, I believed this case fit within the general rule because it was questionable whether Ford had alleged that Friday's knew more than other defendants accused of negligence by business invitees. See e.g., *Dudas*, 261 Va. at 136, 141 (holding that the owner of a golf course did not have knowledge of an imminent threat to its invitees, even though two armed robberies and one attempted robbery had occurred on the premises during the previous months). On closer examination of the Motion for Judgment, however, I find that the knowledge ascribed to Friday's is enough to state a cause of action.

The Supreme Court applied the exception to the general rule under similar circumstances in *Gupton v. Quicke*, 247 Va. 362 (1994). In *Gupton*, plaintiff was an invitee in defendants' restaurant when another patron, Mr. Lively, confronted her. An argument ensued between the two with "open, verbal threats being made by Lively against [Gupton's] person." *Id.* at 364.

Gupton further alleged that the "argument and threats . . . were made known to [the restaurant's] employees" who escorted Lively outside the premises, "where again threats were made by Lively against Gupton's person in the presence of [restaurant] employees." *Id.* Despite these threats, the restaurant employees allowed Lively to reenter the premises where Gupton remained. *Id.* Once inside, Lively violently attacked Gupton without warning. The Supreme Court held that the demurrer should not have been sustained. The exception enunciated in *Wright* applied, and the restaurant owners owed a "duty to exercise reasonable care to control Lively's conduct to prevent him from causing physical harm to the plaintiff." *Id.*

The instant case presents similar facts. Considered in the light most favorable to Ford, the Motion for Judgment states that Pettway "made violent threats against Ford's person," that URG's employees "overheard Pettway's threats," and that Ford "immediately complained to a passing waitress about Pettway's behavior." With this knowledge, URG's employees told Ford to speak with the manager "at the hostess station," located "at or in the vicinity" where Pettway was sitting. Thus, after learning of Pettway's threats to Ford's person, defendant took active steps to resolve the matter. In taking such action, with knowledge of the threats, a duty could arise, which did not exist theretofore. "This duty arose by reason of [URG's] knowledge that an assault, having an 'imminent probability of harm' to [Ford], was 'about to occur' in the restaurant." See *id.* (quoting *Wright*, 233 Va. at 533). URG's demurrer is overruled.

Mr. Hart is correct that I took the Motion to Dismiss under advisement. Thus, the issue respecting the proper party defendant is still before the Court. URG may or may not be a proper party.