# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Salmeron

v.

Wendy's
International, Inc., et al.

February 24, 2006

Case No. CL 05-001423

BY JUDGE LISA B. KEMLER

On February 8, 2006, I heard argument on the Defendants Wendy's and DaveCo's Demurrer to Counts III (Negligence) and IV (Hate Crime), and to the punitive damages request of the Amended Motion for Judgment ("AMJ"), as well as their Motion for Bill of Particulars concerning the scope of employment allegations contained in Count II (Vicarious Liability for Assault and Battery). In addition, argument was presented on the Defendants Anwar's and Imtiaz's Demurrer to Counts I (Assault and Battery) and IV of the AMJ and the Plaintiff's Demurrer to Count II (Malicious Prosecution) of Defendants Anwar's and Imtiaz's Counterclaims. I took under advisement the issues and, having reviewed the parties' memoranda, as well the letters submitted subsequent to the hearing, and upon consideration of the relevant authorities as well as the oral arguments of counsel, I reach the following findings and conclusions. (At the conclusion of the hearing, I denied Wendy's and DaveCo's Motion for Bill of Particulars and overruled Anwar's and Imtiaz's Demurrer to Count I of the AMJ.)

### I. *Standard on Demurrer*

In considering a demurrer, the court must apply the well-settled principle that "a demurrer admits the truth of the facts contained in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations." *Yuzefovsky v. St. John's Wood Apartments*, 261 Va. 97, 102, 540 S.E.2d 134 (2001) (citation omitted). Unlike a motion for summary judgment, a demurrer does not allow the court to evaluate and decide the merits of a claim; it only tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 427 S.E.2d 181 (1993). "A demurrer does not, however, admit the correctness of the pleader's conclusions of law." *Arlington Yellow Cab Co. v. Transportation, Inc.*, 207 Va. 313, 318-19, 149 S.E.2d 877, 881 (1966).

### II. *Defendants Wendy's and DaveCo's Demurrer to Count III*

Salmeron alleges that the Wendy's and DaveCo are liable for negligence on the grounds that they allegedly owed him "a special duty to exercise reasonable care to control their agents, Anwar and Imtiaz, so as to prevent the two from intentionally harming Mr. Salmeron or to prevent the two from creating an unreasonable risk of bodily harm to Mr. Salmeron." (AMJ at ¶ 55.) In paragraph 57 of the AMJ, Salmeron alleges that the Defendants, "through their agents, Mr. Anwar and Mrs. Imtiaz, knew or had reason to know that they could control the actions of Mr. Imtiaz and knew or should have known of the necessity and opportunity to exercise such control to prevent Mr. Imtiaz from confronting Mr. Salmeron." It is further alleged that the Defendants' "breached that special duty when they failed to prevent Mr. Imtiaz from chasing after Mr. Salmeron and to prevent Mr. Imtiaz and Mr. Anwar from assaulting and battering Mr. Salmeron." (AMJ at ¶ 58.) In support of these allegations, AMJ alleges that Anwar and Imtiaz were agents of Wendy's and DaveCo, that Salmeron was a business invitee of Wendy's, that, believing Salmeron had insulted Anwar and Imtiaz and had undermined their authority, "Mr. Imtiaz told Mr. Anwar and Mrs. Imtiaz that it was his intention to confront Mr. Salmeron . . ." that, thereafter, Imtiaz "followed Mr. Salmeron out of the restaurant and verbally assaulted Mr. Salmeron . . ." that "[b]ased upon Mr. Imtiaz's actions and statements as well as the urging of Mrs. Imtiaz, Mr. Anwar and Mrs. Imtiaz knew or reasonably should have known that an altercation between Mr. Imtiaz and Mr. Salmeron was likely to

ensue," and that "because of the imminent likelihood of an altercation, Anwar followed Imtiaz out of the restaurant "in order to stop a fight or altercation between Mr. Imtiaz and Mr. Salmeron," and, thereafter, both Anwar and Imtiaz committed an assault and battery against Salmeron. (AMJ at ¶¶ 12, 13, 21, 22, 24-26.)

The question that must be decided is whether the factual allegations in the motion for judgment are sufficient, as a matter of law, to establish that Wendy's and DaveCo had a duty of care to protect Salmeron from the injuries caused by their agents, Anwar and Imtiaz, such that a jury could find them liable for those injuries. Based upon my review of the AMJ, it appears that Salmeron has sufficiently alleged material facts to state a cause of action for negligence against Wendy's and DaveCo. Whether a duty arises is a legal question. *Thompson v. Skate America, Inc.*, 261 Va. 121, 128, 540 S.E.2d 123 (2001); *Burns v. Johnson*, 250 Va. 41, 44, 458 S.E.2d 448 (1995). Although Virginia "adhere[s] to the rule that the owner or occupier of land ordinarily is under no duty to protect an invitee from a third person's criminal act committed while the invitee is upon the premises," the Virginia Supreme Court has "recognized that certain `special relationships' may exist between particular plaintiffs and defendants, either as a matter of law or because of the particular factual circumstances in a given case, which may give rise to a duty of care on the part of the defendant to warn and/or protect the plaintiff against the danger of harm from the reasonably foreseeable criminal acts committed by a third person." *Thompson v. Skate America, Inc.*, 261 Va. at 128-29, 540 S.E.2d at 127. In *Wright v. Webb*, 234, Va. 527, 533, 362 S.E.2d 919 (1987), the Court recognized a narrow exception to the general rule set forth above, holding that "a business invitor, whose method of business does not attract or provide a climate for assaultive crimes, does not have a duty to take measures to protect an invitee against a criminal assault unless he knows that criminal assaults against persons are occurring, *or are about to occur, on the premises which indicate an imminent probability of harm to an invitee*." (Emphasis added.)

In *Gupton v. Quicke*, 247 Va. 362, 442 S.E.2d 658 (1994), the Supreme Court, relying upon the *Wright* exception, reversed the trial court's ruling sustaining a demurrer where the pleadings alleged that defendant's employee removed a third party from the employer's premises, a restaurant, for threatening the plaintiff-invitee but soon thereafter permitted his return, and a physical assault followed. The court held that, "based upon the plaintiff's allegations, the defendants had a duty to exercise reasonable care to control [the third party's] conduct to prevent him from causing physical harm

to the plaintiff." 247 Va. at 364. With the exception that the person who committed the assault on the plaintiff in *Gupton* was not an employee of the defendants, owners of the restaurant, the facts of *Gupton* are remarkably similar to the facts of the case herein.

Based on the foregoing and accepting the truth of the factual allegations in the Plaintiff's AMJ and giving him the benefit of every factual inference that can be drawn from his pleading, I find that the facts alleged are sufficient to state a cause of action and, therefore, overrule Defendants Wendy's and DaveCo's Demurrer to Count III.

### III. *All Defendants' Demurrer to Count IV*

Salmeron seeks to hold the individual, as well as the corporate, Defendants liable under Virginia Code § 8.01-42.1(A) (the "Hate Crime" Statute). Pursuant to this statute, "[a]n action for injunctive relief or civil damages, or both, shall lie for any person who is subjected to acts of (i) intimidation or harassment; (ii) violence directed against his person; or (iii) vandalism directed against his real or personal property, where such acts are motivated by racial, religious, or ethnic animosity." Although Salmeron alleges in ¶ 61 that "[b]y following Mr. Salmeron out into the restaurant's parking lot and verbally confronting Mr. Salmeron over his use of the Spanish language, the Defendants assaulted him "because of their animosity towards Mr. Salmeron's Latino racial, cultural, and ethnic background," this allegation is directly contradicted in several other paragraphs of the AMJ in which it is alleged that the confrontation between Salmeron and Defendants Anwar and Imtiaz was a result of and motivated by Anwar's and Imtiaz's mistaken belief that Salmeron had verbally insulted them and had undermined their authority with the restaurant's Latino workers. (AMJ at ¶¶ 21, 22, 61, and 62.)

The only Virginia case addressing the legal sufficiency of a motion for judgment alleging a cause of action under the "Hate Crime" Statute is a circuit court decision, *Williams v. Dowell*, 34 Va. Cir. 240 (1994). In that case, the plaintiffs sought damages against Pizza Hut claiming that Dowell, a waitress, refused to serve them "solely because of their race." The plaintiffs, who were black, specifically alleged that Dowell, who was white, "repeatedly ignored plaintiffs' requests to be seated, sneered at them, and otherwise refused to serve them solely because of their race. Because of Dowell's actions," and that, when Williams tried to complain to the restaurant's manager Dowell, stated, "You niggers think you can get away with anything" and that, thereafter, Dowell "attack[ed] Williams, stab[bed] her with a pencil, and with

great force deliver[ed] blows with arms and hands to all parts of her body." *Id*. The court sustained Pizza Hut's demurrer to the "Hate Crime" count, concluding that, under the doctrine of *respondeat superior*, "Dowell's acts of racial intimidation, harassment, and violence, were such great and unusual deviations from Pizza Hut's business that they cannot as a matter of law be considered as acts undertaken in the scope of employment that would make Pizza Hut liable under Va. Code § 8.01-42.1."

I find that the factual allegations contained in the AMJ are not sufficient to state a cause of action under Va. Code § 8.01.42.1 against either the individual Defendants, Anwar and Imtiaz, or the corporate Defendants, Wendy's and DaveCo, and, therefore, sustain the Demurrers to Count IV without prejudice to file a second amended motion for judgment as to this count within twenty-one days if the Plaintiff should be so advised.

### IV. *Defendants Wendy's and DaveCo's Demurrer to Punitive Damages Request*

Salmeron seeks to recover an award of punitive damages as to Counts II, III, and IV of the AMJ. As I have sustained the Demurrers to Count IV, the question remains whether the Plaintiff has alleged sufficient material facts to support an award of punitive damages on Counts II and III.

Punitive damages cannot be awarded against a corporation for the wrongful act of its agent unless the acts were either authorized or subsequently ratified by the corporation. *Oberbroeckling v. Lyle*, 234 Va. 373, 382, 362 S.E.2d 682 (1987) (citing *Sun Life Assurance Co. v. Bailey*, 101 Va. 443, 450, 44 S.E. 692, 694 (1903)). Accord *Jordan v. Melville Shoe Corp.*, 150 Va. 101, 106-07, 142 S.E. 387, 388 (1928).

In my opinion, Salmeron has not pleaded sufficient facts to support a claim for punitive damages against Defendants Wendy's and DaveCo. There is no allegation that either corporate defendant participated in or in any way authorized the intentional tort allegedly committed by Defendants Anwar and Imtiaz. In addition, the mere allegation in ¶ 68 of the AMJ that the corporate defendants "subsequently ratified" Anwar's and Imtiaz's assault on Salmeron, "in as much as the two continued to work at Wendy's Restaurant even after Wendy's and DaveCo learned of their arrests," is not sufficient to hold them liable for punitive damages. See *Southern RR. v. Grubbs*, 115 Va. 876, 881, 80 S.E.2d 749, 751 (1914). For these reasons, the Demurrer to the punitive damages request is sustained and the request for punitive damages as to Counts II and III is dismissed with prejudice.

## V. *Plaintiff's Demurrer to Count II of Counterclaim*

In support of their claim of malicious prosecution, Defendants Anwar and Imtiaz allege that Salmeron "falsely and maliciously concocted a version of the incidents which he related to Officer Julie Goble of the Alexandria Police Department in which he portrayed himself as the victim rather than the aggressor," that Officer Goble "accepted Salmeron's version" and "charged" Anwar and Imtiaz" with malicious wounding, that, at a preliminary hearing, the General District Court "found probable cause to refer the case to the grand jury, largely on the basis of Salmeron's false testimony," that a grand jury returned an indictment against Anwar and Imtiaz on the basis of Officer Goble's testimony which was based Salmeron's false version of the events, and that the charges against Anwar and Imtiaz were nolle prossed after a mistrial was declared as to both Anwar and Imtiaz. (See Counterclaims of Anwar and Imtiaz, ¶¶ 11-16.)

In order to prevail in a malicious prosecution action, the plaintiff has the burden of showing that the prosecution was (1) malicious, (2) instituted by or with the cooperation of the defendant, (3) without probable cause, and (4) terminated in a manner not unfavorable to the plaintiff. *Lee v. Southland Corp.*, 219 Va. 23, 26, 244 S.E.2d 756, 758 (1978); *Commissary Concepts Mgmt. Corp. v. Mziguir*, 267 Va. 586, 589, 594 S.E.2d 915, 917 (2004).

Accepting the truth of the material facts alleged by Anwar and Imtiaz in Count II of their Counterclaim, as well as all the inferences which may be reasonably and fairly drawn, it is my opinion that the demurrer to this count should be overruled.