# CIRCUIT COURT OF THE CITY OF NORFOLK

Benjamin A. Hoover

v.

Epicurian, Inc.,
and Robert Kelly Brainard, Jr.

July 27, 2012

Case No. (Civil) CL11-2624

By Judge Everett A. Martin, Jr.

The plaintiff complains that Robert Brainard, a defendant herein, stabbed him while both were patrons in a restaurant owned and operated by Epicurian, Inc. ("Epicurian"). Count One of the amended complaint lies against only Brainard. Count Two alleges Epicurian failed to provide reasonable training for and supervision of its employees. The plaintiff also alleges in this Count that Epicurian continued to provide alcohol to Brainard after he had misbehaved and that this created a dangerous situation. At the hearing on July 17, the plaintiff stated this allegation was not intended to be an assertion of dram shop liability, but only a factual statement in support of his claim of negligent training and supervision. Count Three alleges a special relationship between the plaintiff and Epicurian, giving rise to a duty on the part of Epicurian to protect him from Brainard's criminal acts. Epicurian has filed a demurrer to Counts Two and Three.

## Negligent Training and Supervision

In its demurrer to Count Two, Epicurian denies the existence of a duty of reasonable care to supervise its employees. The demurrer does not specifically deny a duty to train, and thus I may not consider it even though Epicurian raised it at the hearing. Code of Virginia § 8.01-273(A).

In *Chesapeake & Potomac Tel. Co. v. Dowdy*, 235 Va. 55, 365 S.E.2d 751 (1988), the Supreme Court posed the question of an employer's duty to

supervise its employees broadly but answered it in the negative "under these circumstances." 235 Va. at 61, 365 S.E.2d at 754. Nonetheless, almost all Virginia circuit judges presented with the claim have sustained demurrers to it. Judge Fulton of this court allowed the claim to proceed in *Hernandez v. Lowe's Home Centers, Inc.*, 83 Va. Cir. 210 (2011), where an employee standing on a ladder dropped a box on the plaintiff. He correctly noted that the Supreme Court's holding in *Dowdy* was limited.

Even if I assume a cause of action for negligent supervision exists in some circumstances, it ought not be allowed here because it would expand a restaurateur's liability to an invitee for the criminal acts of a third person far beyond the limited liability the Supreme Court has allowed. A restaurant employee will be present almost any time one patron of the restaurant assaults another patron, and it can be claimed the employee was not properly supervised. Negligent supervision would thus swallow the limited liability established in *Wright v. Webb*, 234 Va. 527, 362 S.E.2d 919 (1987). I sustain the demurrer to Count Two insofar as it alleges a duty to supervise.

## Duty to Protect

The complaint does not allege Epicurian's business attracted or provided a climate for assaults and thus Epicurian had no duty to protect the plaintiff unless it "knows that criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an imminent probability of harm to an invitee." This exception requires "notice of a specific danger just prior to the assault." *Wright, supra*, 234 Va. at 533, 362 S.E.2d at 922. It is not sufficient that the invitor might have foreseen the danger of injury to the invitee. *Dudas v. Glenwood Golf Club*, 261 Va. 133, 540 S.E.2d 129 (2001).

I have reviewed the cases that have been cited, and I believe this case is closest to *Gupton v. Quicke*, 247 Va. 362, 442 S.E.2d 658 (1994). In paragraphs 4-6 of his amended complaint, the plaintiff alleges Brainard "used abusive language" about three times toward patrons of the restaurant; that he "committed an assault and battery upon another patron in the presence of [Epicurian's] manager and another employee *prior to* stabbing the plaintiff;" that he "brandished his pool stick as a weapon swinging it and again using violent abusive language toward other patrons *prior to* assaulting the plaintiff." (Emphasis added.)

These allegations can be construed to mean either that all the events occurred in rapid succession or that there were intervals of time between them. If Brainard's misbehavior was one continuous act, Epicurian would not likely be liable. However, among the facts admitted on a demurrer are those which may be fairly and justly inferred from the facts alleged. *Cox Cable v. City of Norfolk*, 242 Va. 394, 410 S.E.2d 652 (1991). It may be fairly and justly inferred from the facts alleged, including those in paragraph 15, that Brainard continued a course of disorderly and assaultive

conduct and that sufficient intervals of time elapsed between episodes of his misbehavior for Epicurian's management to evict him or summon the police. I overrule the demurrer to Count Three.