# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-2136
Lower Tribunal No. 2022-CA-008381-O

_____

JERRETT WILLIAMS GRAHAM, individually and as Personal Representative of the ESTATE OF RAJAH MALIK GRAHAM,

Appellant,

v.

ORLANDO LODGE NO. 1079, BENEVOLENT AND PROTECTIVE ORDER OF ELKS OF THE UNITED STATES OF AMERICA, INC., d/b/a ORLANDO FLORIDA ELKS LODGE #1079, and TAJH WILLIAMS,

Appellees.

_____

Appeal from the Circuit Court for Orange County.
Patricia L. Strowbridge, Judge.

April 24, 2026

PER CURIAM.

AFFIRMED. *See* Fla. R. Civ. P. 1.510(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). *See generally McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992) ("[F]oreseeability relates to duty and proximate causation in different ways and to different ends. The duty

element of negligence focuses on whether the defendant's conduct foreseeably created a broader 'zone of risk' that poses a general threat of harm to others. The proximate causation element, on the other hand, is concerned with whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred." (citations omitted)); *Fritsch v. Rocky Bayou Country Club, Inc.*, 799 So. 2d 433, 435 (Fla. 1st DCA 2001) ("Under Florida law, to state a cause of action for negligence in a wrongful death action, Appellant is required to allege 1) that Appellee owed a legal duty to the decedent; 2) that Appellee breached that duty; 3) that the breach was a legal or proximate cause of the decedent's death; and 4) that Appellant suffered damages as a result of the breach." (citations omitted)).

TRAVER, C.J., concurs.
NARDELLA, J., concurs and concurs specially, with opinion.
PRATT, J., concurs and concurs specially, with opinion.

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

_____

NARDELLA, J., concurring and concurring specially.

As the Supreme Court of Michigan recognized in *MacDonald v. PKT, Inc.*, 628 N.W.2d 33, 39 (Mich. 2001), criminal activity is by nature irrational and unpredictable. To say a particular criminal act is "foreseeable" is often just a description of the inevitable risk present almost everywhere, a risk that even

2

police—trained and equipped to anticipate—are unable to universally mitigate. *Id*. In this appeal, Appellant urges that the tall task of crime prevention be passed on to the landlord, accompanied by culpability for the ultimate failure to prevent the harm that visited the invitee.

While this case did not present a close call, in future cases our Court will need to articulate a rule of law for when an act of criminal violence is reasonably foreseeable and thus a duty owed. In striking that balance, I am mindful that if duty is allowed to grow beyond reasonable responsibility, then business owners will essentially be held vicariously liable for criminal actors they cannot control. *See generally Reichenbach v. Days Inn of Am., Inc.*, 401 So. 2d 1366, 1368–69 (Fla. 5th DCA 1981) (Cowart, J., concurring specially) ("No reasonable standard of care should require one to be ever on guard, ever present, ready and able, to prevent an unforeseeable personal criminal attack upon another." (citing William L. Prosser, *The Law of Torts*, 282 n.97 (4th ed. 1971))).

Which brings us to the question this Court must answer in the future—when is it reasonable to impose such a duty upon business owners? As in Michigan, other sister states have wrestled with this issue already. For example, in Virginia, a more stringent "imminent probability" standard applies, requiring a level of criminal activity that would have led a reasonable business owner to conclude that its invitees were in imminent danger of criminal assault. *Dudas v. Glenwood Golf Club, Inc.*,

3

540 S.E.2d 129, 133 (Va. 2001). Virginia additionally considers "the magnitude of the burden of guarding against" the harm and the consequences of placing the burden on the business owner. *Id*. Similarly, New York and California courts also consider the burden of avoiding risk as part of the reasonableness analysis. *Florman v. City of New York*, 293 A.D.2d 120 (N.Y. App. Div. 2002); *Torres v. State*, 818 N.Y.S.2d 902 (N.Y. Ct. Cl. 2006); *Ericson v. Fed. Express Corp.*, 77 Cal. Rptr. 3d 1 (Cal. Ct. App. 2008).

Like Michigan, Virginia, and California, our sister courts within this state have considered negligent security cases under principles of premises liability rather than the auspices of ordinary negligence. *Nicholson v. Stonybrook Apartments, LLC*, 154 So. 3d 490, 493 (Fla. 4th DCA 2015). And under those principles our sister courts have affirmed summary judgments when the landowner neither created the dangerous condition nor had greater knowledge of its existence. *Ruiz v. Wendy's Trucking, LLC*, 357 So. 3d 292, 301–02 (Fla. 2d DCA 2023). But it invites the question if other considerations, like the obvious danger doctrine, should shield the landlord from culpability and what the scope of application of the other considerations should be. *But see Marriott Int'l, Inc. v. Perez-Melendez*, 855 So. 2d 624, 631 (Fla. 5th DCA 2003) (suggesting that open and obvious danger doctrine does not relieve landowner of satisfying initial duty to keep premises in reasonably safe condition).

4

To date, our sister courts are not uniform in their approach to negligent security cases. *See, e.g.*, Wilton H. Strickland, *Premises Liability: A Notable Rift in the Law of Foreseeable Crimes*, 83 Fla. B.J. 20, 20 (2009) ("The law surrounding premises liability in Florida is more unsettled than most attorneys (and even judges) tend to suspect, particularly with regard to third-party crimes."); Wilton H. Strickland, *Premises Liability Revisited: The Law of Foreseeable Crimes Becomes Clearer and Murkier*, 88 Fla. B.J. 8, 8 (2014) ("Practitioners should remain alert to the differing standards governing foreseeability of crimes and not be lulled into thinking Florida law is uniform on this important issue."). A fuller clarification of this area of law, including a deeper exploration into how our sister states have articulated the common law, how our sister courts have sought to strike a balance between reasonable foreseeability and duty owed within the bounds of current Florida Supreme Court precedent, and what approach the Sixth District should take within the constraints of vertical stare decisis, will have to wait upon the presentment of more complicated facts in a future case.

But as Judge Mize recently stated, this bench, in the absence of a binding holding from the Florida Supreme Court, "will always endeavor to decide the issue correctly under the law, with due respect to our sister courts but never deference." *Ruffenach v. Deutsche Bank Nat'l Tr. Co. as Tr. for Ameriquest Mortg. Sec. Inc., Asset-Backed Pass-Through Certificates Series 2005-R8*, No. 6D2023-1482, 2026

5

WL 785140, at *12 (Fla. 6th DCA Mar. 20, 2026) (Mize, J., concurring specially). Practitioners should also remember that even in the presence of a binding Florida Supreme Court holding, this Court may pass upon and certify questions of great public importance to the Florida Supreme Court. *See* Art. V, § 3(b)(4), Fla. Const. And as always, should the Legislature wish to weigh in and clarify this area of law— which no doubt implicates questions of policy—it may do so. *See generally* Ch. 768, Laws of Fla. (containing Florida's "negligence" statute); *Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003) ("The principle of 'duty' is linked to the concept of foreseeability and may arise from four general sources: '(1) legislative enactments or administration regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case.'" (quoting *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 503 n.2 (Fla. 1992) (citing Restatement (Second) of Torts § 285 (1965)))); *Gracey v. Eaker*, 837 So. 2d 348, 354 (Fla. 2002) (acknowledging that "'[d]uty' is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection [or not]" (alterations in original) (quoting *Rupp v. Bryant*, 417 So. 2d 658, 667 (Fla. 1982))).

_____

6

PRATT, J., concurring and concurring specially.

Judge Nardella's special concurrence is thoughtful and persuasive. I encourage lawyers and litigants alike to read it. I also encourage commentators—as well as our sister courts within this state—to explore the issues she has identified.

_____

Jonathan A. Martin and John S. Mills, of Bishop, Page & Mills, PLLC, Jacksonville, for Appellant.

Charles M-P "Chip" George, of the Law Offices of Charles M-P George, Coral Gables, and Matthew R. Olmsted and Shannon M. Arsenault, of Chartwell Law, Deerfield Beach, for Appellee, Orlando Lodge No. 1079, Benevolent and Protective Order of Elks of the United States of America, Inc., d/b/a Orlando Florida Elks Lodge #1079.

No Appearance for Appellee, Tajh Williams.